**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

BARRY LEE BREWER,

      Defendant–Appellant.

No. 07-4125
(D.C. No. 2:06-CR-408-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Barry Lee Brewer appeals the district court's denial of his motion to

suppress evidence obtained during a warrantless stop of a vehicle in which he was

riding. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** denial

of his motion and **DISMISS** the appeal.

On May 17, 2006, Cory Frampton, a drug enforcement officer for the City

of Nephi and Juab County, Utah, was on patrol when a fellow officer contacted

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

him regarding a light blue Ford Taurus headed towards Nephi. Drug enforcement officers in a nearby county had received a tip that this vehicle was possibly carrying narcotics. Frampton was told by his fellow officer that he would need to establish independent probable cause to stop the vehicle.

Frampton observed a car matching the officer's description traveling at a high rate of speed toward Nephi. He followed the car in order to determine if it was speeding. While Frampton was following the car, the driver braked, and Frampton noticed that one of the brake lights in the tail of the vehicle was not functioning. Believing that the nonfunctional brake light constituted a traffic violation, Frampton stopped the vehicle. Brewer was one of the passengers in the car. Shortly after he stopped the car, two other officers joined Frampton. During the course of the stop, an officer discovered live ammunition on Brewer's person.[1]

Brewer was charged with possession of ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) on June 7, 2006. He filed a motion to suppress evidence from the stop, arguing, among other things, that the officer lacked reasonable suspicion of a traffic violation to initiate the stop. According to Brewer, Utah law only requires that a vehicle have two working brake lights, or "stop lamps." He asked the court to take judicial notice of the fact that most cars have three stop lamps (two by the turn signals and one in the rear windshield), and conclude that

---

[1] Brewer only contests the legality of the initial stop, and not that of the subsequent search of his person.

Frampton's testimony that one stop lamp was out did not preclude the possibility of two functioning lamps on the vehicle. The district court denied the motion to suppress, concluding that, under Utah law, even one defective stop lamp constitutes an equipment violation sufficient to justify a traffic stop. Following the court's ruling, Brewer pleaded conditionally guilty to the one count indictment, but reserved his right to appeal the denial of the motion to suppress. See Fed. R. Crim. P. 11(a)(2). The matter is now before us.

In reviewing denials of motions to suppress, we view the evidence in light most favorable to the government and accept the trial court's factual findings unless clearly erroneous. United States v. Trotter, 483 F.3d 694, 698 (10th Cir. 2007). We consider questions of law de novo, including the reasonableness of the stop and any issues of statutory interpretation. Id. (Fourth Amendment reasonableness); United States v. Almaraz, 306 F.3d 1031, 1035 (10th Cir. 2002) (statutory interpretation).

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc). It is "irrelevant that the officer may have had other subjective motives for stopping the vehicle." Id. "Our sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated any one of the multitude of

applicable traffic and equipment regulations of the jurisdiction." Id. (quotation omitted).

Brewer argues that Utah law requires only that a vehicle have two working stop lamps. Although Officer Frampton's testimony establishes that one stop lamp on the vehicle was not functioning, Brewer contends that it is possible that two other lamps on the car were functional. Based on his particularized interpretation of Utah law, Brewer claims that the government failed to carry its burden of proving that the officer had a reasonable suspicion of an equipment violation. We disagree.

The Utah vehicle equipment laws at issue provide:

> A person may not operate or move . . . on a highway a vehicle . . . which: . . . (ii) does not contain those parts or is not at all times equipped with lamps and other equipment in proper condition and adjustment as required in this chapter[,]

Utah Code Ann. § 41-6a-1601(1)(a), and:

> (a) A motor vehicle . . . shall be equipped with two or more stop lamps and flashing turn signals.
> (b) A supplemental stop lamp may be mounted on the rear of a vehicle,

§ 41-6a-1604(3). Utah law adopts federal standards regarding vehicle equipment, which mandate that passenger cars manufactured on or after September 1, 1985, be equipped with two stop lamps and one high-mounted stop lamp. See § 41-6a-1601(2)(c)(iv) (incorporating "49 C.F.R. 571 Standard 108 related to lights and illuminating devices"); 49 C.F.R. § 571.108 at S5.1.1, S5.1.1.27 & Table III.

- 4 -

These regulations also require that the stop lamps and the high-mounted stop lamp on each vehicle "shall be activated upon application of the service brakes." 49 C.F.R. § 571.108 at S5.5.4.

Reading the Utah statutes and federal regulations in conjunction, it is clear that all stop lamps on a vehicle must be operational. Section 41-6a-1601(3)'s reference to "two or more stop lamps" reflects the fact that, under federal regulations, vehicles manufactured prior to September 1, 1985, are not required to have a third, high-mounted stop lamp. Irrespective of when the Ford Taurus was manufactured, all rear stop lamp must activate on use of brakes. See 49 C.F.R. § 571.108 at S5.5.4. Because the vehicle's equipment was not in "proper condition" as required by Utah law, the officer had reasonable suspicion of a traffic violation to effect the stop. Cf. State v. Chevre, 994 P.2d 1278, 1280 (Utah Ct. App. 2000) (holding that a defective brake light on a truck violated an earlier version of Utah's equipment regulation, Utah Code Ann. § 41-6-120 & -121.10 (1998)).

Denial of the motion to suppress is **AFFIRMED**. Appeal **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge